**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT E. RUNIONS,

        Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No.    19-36045

D.C. No. 3:18-cv-06020-MAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted October 28, 2020[**]
Portland, Oregon

Before:  GRABER, CLIFTON, and IKUTA, Circuit Judges.

Plaintiff Robert E. Runions appeals from the district court's order affirming

the Commissioner of Social Security's final decision denying Runions' application

for benefits under Title II of the Social Security Act. Reviewing the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order *de novo*, we must independently determine whether the Administrative Law Judge's ("ALJ") decision is free of legal error and supported by substantial evidence. *See Berry v. Astrue,* 622 F.3d 1228, 1231 (9th Cir. 2010).

1. The ALJ did not fail to develop the record fully and fairly because "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Runions' counsel represented that there was no need to keep the record open and that the record was complete. Runions, as the disability claimant, had the duty to prove his disability and to produce evidence to support his claim. *See* 20 C.F.R. § 404.1512(a). Runions does not claim that he made any attempt to submit his Video-EEG results to the ALJ before the ALJ issued a written decision, or later, to the Appeals Council or the district court. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012); 20 C.F.R § 404.970(b); *see also* 42 U.S.C. § 405(g). Moreover, Runions' argument regarding the Video-EEG results is entirely speculative. Runions does not contend that the Video-EEG results support his disability claim.

2

2. Runions waived any challenge to the ALJ's findings at step two by failing to raise that challenge to the district court. *See Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014).

3. The ALJ did not err in discounting Runions' subjective symptom testimony because the ALJ made "specific findings stating clear and convincing reasons for doing so." *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir. 2004) (internal quotation marks omitted). The ALJ found that Runions' testimony was inconsistent with the "unremarkable" results of diagnostic examinations and properly considered evidence that Runions' symptoms were ameliorated with use of medication. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *see also* 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1). In addition, the ALJ properly considered Runions' receipt of unemployment benefits because Runions held himself out for full-time work in order to obtain those benefits. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161–62 (9th Cir. 2008) (holding that "receipt of unemployment benefits can undermine a claimant's alleged inability to work full[-]time" if the record establishes that the claimant "held himself out as available for full-time . . . work"); *see also* Wash. Rev. Code § 50.20.010 (providing that an applicant for

unemployment benefits in Washington state must certify that he or she is ready, able, and willing to work). Runions' application for and receipt of unemployment benefits in the fourth quarter of 2015 and the first quarter of 2016 directly contradicts his allegation of disability onset on November 19, 2015. The ALJ also permissibly found that Runions might be unemployed for reasons other than his disability because Runions said that the commute to another job was not "worth it." Runions did not say that he was unable to make the commute due to his seizure disorder. The ALJ's conclusion was rational and must be upheld. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").[1]

4. The ALJ did not err by discrediting Mrs. Runions' lay testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) ("[I]f the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness."), *superseded by regulation on other grounds*.

---

[1] The ALJ erred in citing Runions' activities as a reason for discounting Runions' symptom testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Nevertheless, this error was harmless because the ALJ cited other valid reasons for discounting Runions' testimony. *See Burch*, 400 F.3d at 679.

5. The ALJ did not err in weighing and evaluating the medical expert opinions. The ALJ was warranted in giving little weight to Mr. McMeans' opinion because it rested entirely on Runions' self-reporting, the ALJ had already found Runions' subjective symptom testimony to be inconsistent with the record evidence, and a physician assistant is not an "acceptable medical source" for applications filed before March 27, 2017. *See Ghanim*, 763 F.3d at 1162; *Molina*, 674 F.3d at 1111; *see also* 20 C.F.R. §§ 404.1502(a)(8), 404.1527(c)(3). The ALJ permissibly gave "significant weight" to the opinions of the non-examining physicians and psychologists, Dr. Hale, Dr. Rubio, Dr. Donahue, and Dr. Eisenhauer, due to their training, expertise, and knowledge of the Social Security disability program's rules and standards. Runions does not identify how the opinion of Dr. Pickett, who examined Runions, is inconsistent with the non-examining psychologists' findings of mild mental limitations.

6. The ALJ properly incorporated into the RFC only those limitations supported by substantial evidence and properly relied on a vocational expert instructed by a hypothetical that was supported by substantial evidence. *See Ghanim*, 763 F.3d at 1166.

**AFFIRMED.**